Dermot Givens SBN194571
468 N. Camden, ste. 205
Beverly Hills, CA 90210
(310) 854-8823
Attorney for Plaintiff
dermot@dgivenslaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY AKILI, an individual,<br>　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF LOS ANGELES, a municipality,<br>THE BOARD OF POLICE COMMISSIONERS,<br>A subsidiary or the City of Los Angeles,<br>THE LOS ANGELES POLICE DEPARTMENT, a<br>subsidiary of the City of Los Angeles, Officer<br>De La Torres, an employee of the City of Los<br>Angeles, Officer Hernandez (an employee<br>of the City of Los Angeles, Richard Tefank ,<br>an employee of the City of Los Angeles<br>And DOES 1-10, inclusive,<br>　　　　　Defendants. | FIRST AMENDED COMPLAINT<br>2:17-cv-03460  [jury trial]<br>efiled: 5/8/18<br><br>1. (42 U.S.C. § 1983) Unlawful Detention<br>2. (42 U.S.C. § 1983) Excessive Force<br>3. (42 U.S.C. § 1983) False Arrest<br>4. (42 U.S.C. § 1983 False Imprisonment<br>5. Battery<br>6. IIED<br>7. California Civil Rights Violation<br>　(California Civil Code§ 52.1)<br><br><br>JURY TRIAL DEMANDED |

PLAINTIFF, Gregory Akili, for his amended complaint against all DEFENDANTS states as follows:

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. 1983 and 1988, the 4th Amendment, the 14th Amendment and under the laws of the State of California against the City of Los Angeles (hereinafter LA), The Los Angeles Police Department (hereinafter LAPD), the Los Angeles Police Commission (hereinafter the Commission), Richard Tefank (hereinafter Tefank), Executive Director of the Los Angeles Board of Police Commissioners, LAPD Officer De La Torres (39329), LAPD Officer Hernandez (31225) and Does 1-10.

2. Plaintiff alleges that Officers De La Torres and Hernandez filed a false arrest report alleging that they had probable cause to arrest plaintiff for misdemeanor battery on a peace officer in order to justify their wrongful arrest of plaintiff.
3. Plaintiff alleges that the false report was made in order to create the false sense that the arrest was a continuous action that resulted from plaintiffs prior interaction with Officer Gebro.
4. Plaintiff alleges that the constitutional violations were committed as a result of the policies and procedures of the City of Los Angeles, The LAPD and the Commission.
5. Plaintiff alleges that the City of Los Angeles, The LAPD and the Commission are liable under the theory of respondent superior for the torts committed by Officers De La Torre, Hernandez and Does 1-10.

## JURISDICTION & VENUE

6. Jurisdiction is proper in the U. S. District Court, Central District, pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343 (3) and (4).
7. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. 1367(a).
8. Venue is proper in the Central District of California because defendants acts and omissions occurred in the City of Los Angeles within the Central District.
9. Plaintiff has complied with Government Code Section 800 and further compliance is futile.
10. At all times relevant to this complaint, plaintiff was an individual residing in the City of Los Angeles.
11. Defendant City of Los Angeles was a municipal corporation operating in California and operating defendants LAPD, the Commission and employing Officer De La Torres, Officer Hernandez and Richard Tefank.

## BACKGROUND

12. Plaintiff incorporates by reference the above paragraphs 1- 11.

13. On or about October 2016, in the normal course of discovery exchanges, plaintiff obtained the arrest report made by Officers De La Torres and Hernandez involving plaintiff and the incidents occurring on February 9, 2016.
14. The arrest report states that "Ofcrs De La Torres and Hernandez immediately came to Ofcr Gebro's aid and took Susp-Akili into custody without further incident."
15. That arrest report was reasonably relied on to establish that the Officers had probable cause to arrest Akili for a misdemeanor.
16. Officer Gebro gave uncontradicted testimony at trial that Officers De La Torres and Hernandez did not come to her aid and that she did not see Officers De La Torres and Hernandez take plaintiff into custody.
17. Officer Russell's gave uncontradicted testimony at trial that Officers De La Torres and Hernandez were not present during the incident and that they did not take plaintiff into custody inside of the auditorium.
18. On or about December 2016, Peter Tefank gave uncontradicted testimony at trial that Officers De La Torres and Hernandez were not present during the incident between Officer Gebro and plaintiff and that he did see them take plaintiff into custody.
19. Officer Gebro gave testimony at trial that the incident involving her and plaintiff ended when Officer Russell escorted plaintiff out of the auditorium.
20. Officer Russell gave testimony at trial that the incident involving Officer Gebro and plaintiff ended when he took plaintiff outside of the auditorium.
21. Officer Russell gave testimony at trial that he did not see or have any interactions with Officers De La Torre and Hernandez outside of the auditorium.
22. Peter Tefank gave testimony at trial that he followed Officer Russell and plaintiff as they went from inside to outside of the auditorium and that he did not see Officers De La Torre and Hernandez arrest plaintiff.
23. Plaintiff gave uncontradicted testimony at trial that Officer Russell released him when they were outside of the auditorium.
24. Plaintiff gave uncontradicted testimony at trial that he was walking freely outside of the auditorium when Officers De La Torres and Hernandez took him into custody.

3

25. The arrest report states " ... my partner and I, were not present at the time of the above incident and merely assumed custody of Susp-Akili."
26. Officers De La Torres and Hernandez were on the people's witness list but did not testify at trial.
27. Plaintiff filed a claim against the City of Los Angeles on or about January 2017, within 6 months of obtaining a reasonable suspicion that the arrest report was false.
28. Plaintiff, prior to trial, was ignorant of the fact and had no ability to know the fact that the arrest report was falsified
29. Plaintiff had no ability to obtain facts that the arrest report was false. The facts were discovered during the trial testimony of the percipient witness and by the arresting officers not being called as witnesses and subjected to cross examination to clear up any perceived discrepancies.
30. Percipient witnesses Officer Gebro, Officer Russell and Peter Tefank gave testimony at trial that fully contradicted the arrest report and provided credible evidence that the arrest report was false.
31. Plaintiff alleges that defendants acted to fraudulent conceal the facts of his arrest by creating a false nexus in the arrest report between the false arrest by Officers De La Torres and Hernandez and the incident involving Officer Gebro.
32. The statute of limitations to file a claim with the City of Los Angeles is 6 months after an incident occurs. This would normally have been August of 2016.
33. This action was filed within 6 months of discovery that the statements in the arrest report that were used to establish probable cause for the arrest of plaintiff were false.

**FIRST CAUSE OF ACTION**
(Civil Rights Action (42 U.S.C. § 1983) Unlawful Detention
against Defendants De La Torres, Hernandez and Does 1-10)

34. Plaintiff re alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.
35. 42 U.S.C. § 1983 provides in part:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

36. Plaintiffs had a firmly established right under the Fourth Amendment to be free from unreasonable seizure.
37. A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable searches and seizure.
38. Defendants had no legal basis for their detention of plaintiff.
39. The only reason for plaintiff's detention is the false information in the arrest report.
40. Defendants acted unreasonably in detaining plaintiff without probable cause and then creating a false arrest report.
41. As a result of Defendants' actions, Plaintiff suffered damages.

**SECOND CAUSE OF ACTION**
(Civil Rights Action (42 U.S.C. § 1983) Excessive Force
against Defendants De La Torres, Hernandez and Does 1-10)

42. Plaintiff re alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.
43. Plaintiffs had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional
44. Plaintiffs had a firmly established right to be free from excessive force being used against them.
45. Plaintiff posed no threat to Defendants when they used excessive force.
46. There was no legal basis for the arrest of plaintiff.
47. There was no need for use of any force in this situation because there was no probable cause for an arrest.
48. The use of force which caused plaintiffs quarter inch gash on his right leg was unnecessary and excessive.
49. Defendants acted under color of state law in violating Plaintiffs' rights.

5

50. Defendants were acting in purported compliance with a policy promulgated by the Los Angeles Police Department, in using force against citizens who had broken no law.
51. During the relevant period, defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of Los Angeles.
52. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that use of force in these circumstances was illegal under clearly established law.
53. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and actually caused Plaintiffs to suffer physical injury, emotional distress, pain, suffering, and further damages.
54. The conduct alleged herein was done in deliberate or reckless disregard of and plaintiff's constitutionally protected rights; justifying the award of exemplary damages against defendant officers in an amount according to proof at the time of trial in order to deter the defendant from engaging in similar conduct and to make an example by way of monetary punishment.
55. Plaintiffs are also entitled to attorney fees and costs of suit herein.

**THIRD CAUSE OF ACTION**
(Civil Rights Action (42 U.S.C. § 1983) False Arrest
against Defendants De La Torres, Hernandez and Does 1-10)

56. Plaintiffs re allege all prior paragraphs of this complaint and incorporates the same herein by this reference.
57. Plaintiffs had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. Defendants arrested plaintiff without a warrant.
58. Defendants arrested plaintiff without probable cause.
59. Defendants were at this time performing their duties as officers for the defendant, City of Los Angeles.
60. During the relevant period, Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of Los Angeles.

61. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of his rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

62. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

63. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

## FOURTH CAUSE OF ACTION
[Civil Rights Action (42 U.S.C. § 1983 False Imprisonment against Defendants De La Torres, Hernandez and Does 1-10)

64. Plaintiff re allege all prior paragraphs of this complaint and incorporates the same herein by this reference.

65. Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that he had committed no crimes.

66. Defendants sought the assistance of other peace officers to concoct a story of probable cause that would justify their imprisonment of plaintiff.

67. After plaintiff was detained, defendants conspired to create the false arrest report which falsely alleges that Officers De La Torres and Hernandez arrested plaintiff "

68. False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

69. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code § 3294 et seq. and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

70. As a result of Defendants' actions, Plaintiff suffered damages.

## FIFTH CAUSE OF ACTION

(Battery against Defendants De La Torres, Hernandez and Does 1-10)

71. Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference.
72. Defendants acted with an intent to cause harmful or offensive contact with the Plaintiffs and the intended harmful or offensive contact did in fact occur.
73. The harmful or offensive contact was not privileged nor consented to.
74. As a result of the Defendants' intent to cause harmful or offensive contact with Plaintiffs and the fact that the intended harmful or offensive contact did in fact occur, Plaintiffs have suffered damages.
75. Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress against all defendants)

76. Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference.
77. By engaging in the acts alleged herein the Defendants and Does 1-10 engaged in outrageous conduct with an intent to or with reckless disregard of the probability of causing Plaintiff to suffer emotional distress.
78. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.
79. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

### SEVENTH CAUSE OF ACTION
(California Civil Rights Violation (California Civil Code§ 52.1) against all defendants)

80. Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference.
81. Plaintiffs had a firmly established right to be free from excessive force under the Fourth

Amendment through the Fourteenth Amendment to the United States Constitution and the California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights.

82. The Defendants interfered with Plaintiffs' rights under the Fourth Amendment of the United States Constitution and the equivalent provisions of the state Constitution by the use violation of California Civil Code§ 52.1 and their right under the Fourth and Fourteenth Amendments to be free from excessive force under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution and the California Constitution.

83. Plaintiffs are also entitled to the statutory civil penalties set forth in Civil Code§ 52.1, attorneys' fees and costs of suit incurred herein.

84. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example. Defendant City of Los Angeles is liable for the acts of its officers as they have agreed with and or ratified the acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

1. Entering judgment for compensatory general and special damages in an amount in accordance with proof at trial.

2. Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

3. Awarding reasonable attorney fees, expenses and cost of suit.

5. Granting such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial.

Respectfully submitted;

Dated: August 15, 2017       By: _____/s/_____
                             Dermot D. Givens
                             Attorney for Plaintiff

10